O

JS - 6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ARMYTRUCKS, INC., | ) | Case No. CV 14-07402 DDP (Ex) |
| Plaintiff, | ) | |
| v. | ) | **ORDER GRANTING MOTION TO REMAND AND DENYING MOTIONS TO DISMISS** |
| NORTH AMERICAN SPECIALTY INSURANCE COMPANY, et al. | ) | [Dkt. Nos. 24, 30, 33] |
| Defendants. | ) | |

Presently before the Court are three motions: Defendant Wells Fargo Insurance Services USA, Inc. ("Wells Fargo")'s Motion to Dismiss (Dkt. No. 24); Defendant Abacus Insurance Brokers, Inc. ("Abacus")'s Motion to Dismiss (Dkt. No. 30); and Plaintiff Armytrucks, Inc. ("Armytrucks")'s Motion to Remand (Dkt. No. 33). Having considered the parties' submissions, the Court GRANTS the Motion to Remand and DENIES the Motions to Dismiss.

**I. BACKGROUND**

Plaintiff Armytrucks is a California corporation in the business of leasing and renting motor vehicles to entities engaged in the production of visual media such as films. (Complaint

("Compl."), Dkt. No. 1-12, ¶ 1.) Defendant North American Specialty Insurance Company ("NAS") is a New Hampshire corporation doing business as an insurance company. (Id. ¶ 4.) Defendant Wells Fargo is a North Carolina company doing business as an insurance brokerage. (Id. ¶ 5; Declaration of Mark J. Shrake ("Shrake Decl."), Dkt. No. 1-1, ¶ 18.) Defendant Abacus is a California corporation doing business as an insurance brokerage. (Compl. ¶ 6.)

This suit arises out of injuries sustained by a driver on the set of a movie produced by Illegal Aliens, LLC ("Illegal Aliens"). On or about October 13, 2010, Armytrucks and Illegal Aliens entered into a rental agreement wherein Armytrucks would provide Illegal Aliens a former military truck for use in the movie Battle of Los Angeles. (Id. ¶ 15.) As part of the agreement, Illegal Aliens agreed to procure insurance coverage for Armytrucks as to liability associated with the rental. (Id. ¶ 16.)

Armytrucks alleges that Illegal Aliens contacted Wells Fargo in order to secure insurance to protect Armytrucks from general liability and automobile-related risks associated with the production of the movie. (Id. ¶¶ 11, 17.) Armytrucks further alleges that Wells Fargo submitted the Illegal Aliens insurance request to Abacus, which was acting as an agent for NAS. (Id. ¶¶ 7-8, 12.) Armytrucks alleges that as part of this request, Wells Fargo and Abacus either were in possession of or had access to a copy of the script for the movie, and were aware of the types of scenes in which the rented military truck would be involved. (Id. ¶ 12.) After receiving the insurance request, NAS issued two insurance policies to Illegal Aliens to cover the production of the

movie. (Id. ¶ 14.) Armytrucks alleges that Abacus and Wells Fargo had actual or constructive knowledge of the involvement of the military truck in the movie production and thus implicitly represented to Armytrucks that the policies would protect Armytrucks for any losses arising from the rental to Illegal Aliens. (Id. ¶ 18.)

During the filming of the movie, Colin McKay was operating the rental truck. (Id. ¶ 19.) McKay claimed to have been exposed to noxious fumes emanating from the truck during his participation in the movie, and was thereafter provided worker's compensation benefits by Argonaut Insurance Company ("Argonaut"), McKay's employer's worker's compensation carrier. (Id.) On or about October 12, 2012, Argonaut filed an indemnification suit against Armytrucks in Los Angeles Superior Court for reimbursement of the insurance benefits Argonaut paid to McKay. (Id. ¶ 20.) On or about October 22, 2012, McKay filed a personal injury lawsuit against Armytrucks and others for injuries sustained as a result of his exposure to toxic fumes. (Id. ¶ 23.)

Armytrucks gave notice of both actions to NAS and requested that it undertake defense and indemnification of Armytrucks pursuant to the insurance policies. (Id. ¶¶ 21, 24.) NAS denied coverage under the insurance policies. (Id.) As a result, Armytrucks alleges, it incurred substantial costs in having to defend itself in both actions. (Id. ¶¶ 22, 25.)

In its Notice of Removal and in its opposition, NAS points out that Armytrucks first filed suit against NAS as the sole defendant (the "First Action"), arguing NAS should have provided coverage under the insurance policies and asserting the first five causes of

3

action against NAS: breach of contract as to both insurance policies, declaratory relief as to both policies, breach of the implied covenant of good faith and fair dealing. (See Exh. A to Shrake Decl., Dkt. No. 1-2.) Armytrucks did not sue either Wells Fargo or Abacus in the First Action. (Id.) Five days after NAS removed the First Action to federal court, on August 4, 2014, Armytrucks voluntarily dismissed its complaint. (See Shrake Decl. ¶¶ 7, 10.) On August 20, 2014, Armytrucks filed the present action in state court, asserting the same five causes of action against NAS and adding the sixth cause of action for negligent misrepresentation against additional defendants Wells Fargo and Abacus. (Dkt. No. 1-12.) NAS filed a Notice of Removal, removing this case to federal court based on diversity jurisdiction on the basis that Abacus was added as a sham non-diverse defendant. (See Dkt. No. 1.)

In its Complaint in this action, Armytrucks asserts its first five causes of action against NAS only, but asserts the sixth cause of action, for negligent misrepresentation, against Abacus and Wells Fargo only. Wells Fargo and Abacus have filed separate motions to dismiss, requesting the Court dismiss with prejudice the sixth cause of action. (Dkt. Nos. 24, 30.) Armytrucks has filed a motion to remand this case back to Los Angeles Superior Court. (Dkt. No. 33.)

**II. LEGAL STANDARD**

    **A. Motion to Remand**

Diversity jurisdiction under 28 U.S.C. § 1332 requires complete diversity of the parties; however, removal is proper despite the presence of a non-diverse defendant when that defendant

4

was fraudulently joined. Fraudulent joinder is a "term of art" courts use to describe a non-diverse defendant who has been joined to an action for the sole purpose of defeating diversity. McCabe v. Gen. Foods Corp., 811 F.2d 1336, 1339 (9th Cir. 1987). A court will disregard such a "sham" defendant for the purposes of determining diversity if it is "obvious according to the settled rules of the state" that the plaintiff has failed to state any cause of action against the defendant in question. Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1067 (9th Cir.2001).

The "strong presumption against removal jurisdiction" means that the party asserting the fraudulent joinder bears the burden of proof. Emrich v. Touche Ross & Co., 846 F.2d 1190, 1195 (9th Cir. 1988). The court should remand the case unless the moving party can show fraudulent joinder by clear and convincing evidence. Hamilton Materials, Inc. v. Dow Chem. Corp., 494 F.3d 1203, 1206 (9th Cir. 2007). If there is a "non-fanciful possibility" that the plaintiff can state a claim against the non-diverse defendant, then the court must remand the case. Macey v. Allstate Prop. & Cas. Ins. Co., 220 F. Supp. 2d 1116, 1118 (N.D. Cal. 2002).

**B. Motion to Dismiss**

A 12(b)(6) motion to dismiss requires the court to determine the sufficiency of the plaintiff's complaint and whether or not it contains a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Under Rule 12(b)(6), a court must (1) construe the complaint in the light most favorable to the plaintiff, and (2) accept all well-pleaded factual allegations as true, as well as all reasonable inferences to be drawn from them. See Sprewell v. Golden State Warriors, 266

1 | F.3d 979, 988 (9th Cir. 2001), amended on denial of reh'q, 275 F.3d
2 | 1187 (9th Cir. 2001); Pareto v. F.D.I.C., 139 F.3d 696, 699 (9th
3 | Cir. 1998).

4 |     In order to survive a 12(b)(6) motion to dismiss, the complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. Dismissal is proper if the complaint "lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." Mendiondo v. Centinela Hosp. Med. Ctr., 521 F.3d 1097, 1104 (9th Cir. 2008); see also Twombly, 550 U.S. at 561-63 (dismissal for failure to state a claim does not require the appearance, beyond a doubt, that the plaintiff can prove "no set of facts" in support of its claim that would entitle it to relief). A complaint does not suffice "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 556). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. The Court need not accept as true "legal conclusions merely because they are cast in the form of factual allegations." Warren v. Fox Family Worldwide, Inc., 328 F.3d 1136, 1139 (9th Cir. 2003).

///
///
///

6

### III. DISCUSSION

    A. Motion to Remand

    Armytrucks moves for the Court to remand this case back to state court, arguing that Abacus is a non-diverse defendant and that Abacus was not fraudulently joined.  Armytrucks is incorporated in California, and both parties agree that Abacus is the only defendant who is a citizen of California for diversity purposes.

    "[W]here the agent contracts in the name of the insurer and does not exceed that authority, the insurer is liable and not the agent."  Briano v. Conseco Life Ins. Co., 126 F. Supp. 2d 1293, 1298 (C. D. Cal. 2000)(citations omitted).  The insurer is responsible for the acts of the agent within the scope of his agency.  Lippert v. Bailey, 241 Cal. App. 2d 376, 382 (1966).  An agent of an insurance company is generally immune from suits brought by claimants for actions taken while the agent was acting within the scope of its agency.  Icasiano v. Allstate Ins. Cos., 103 F. Supp. 2d 1187, 1189 (N.D. Cal. 2000).

    However, it is an "established rule that if a dual agency exists, the law does not foreclose recovery by the insured."  Id. (citation and quotation marks omitted).  "Under California law, a 'dual-agent' theory requires that the insurance agent act on behalf of the insured in some way beyond his or her capacity as an agent for the insurer."  Good v. The Prudential Insurance Company of America, 5 F. Supp. 2d 804, 808 (N.D. Cal.1998).  "An insurance agent cannot be a dual agent unless he or she is either an independent broker or has a long-term, special relationship with the insured."  Id. (citation and internal quotations omitted).  The

7

"special duty" exception arises where an insurance agent "assume[s] a greater duty toward his insured by misrepresenting the policy's terms or extent of coverage." Paper Savers, Inc. v. Nacsa, 51 Cal. App. 4th 1090, 1097 (1996). However, a lone allegation that the insurance agent had superior knowledge of his insurance products and that the agent led the plaintiff to believe he was acting in his best interests is insufficient to establish a dual-agent relationship. Good, 5 F. Supp. 2d at 808.

The Complaint alleges that the Abacus was NAS' general agent and was acting "as a conduit for binding and insuring risks on behalf of [NAS]." (Compl. ¶¶ 7-8.) Thus, Armytrucks would have to allege facts that would support a finding that Abacus was more than simply an agent for NAS in order to have a valid claim against Abacus. See, e.g. Charlin v. Allstate Ins. Co., 19 F. Supp. 2d 1137, 1140-44 (C.D. Cal. 1998) (concluding joinder of agent was fraudulent when plaintiff failed to alleged that the supposed "dual agent" had acted beyond capacity for the insurer, that he was independent broker, or that he had longstanding relationship with the plaintiff).

Although this is a close case, the Court finds that Armytrucks has stated a "non-fanciful" claim against Abacus under California law. Armytrucks argues that Abacus had a "higher duty" to Armytrucks because it held itself out as an expert in insurance for the entertainment industry; the Court presumes that this is an argument that Armytrucks is alleging a dual agency. Armytrucks alleges that, in the course of procuring the insurance contracts for Armytrucks, Abacus (1) either was in possession of or had access to a copy of the script for the movie, and (2) was aware of

the types of scenes in which the rented military truck would be involved.  Armytrucks further alleges that Abacus and Wells Fargo had knowledge of the involvement of the military truck in the movie production and thus implicitly represented to Armytrucks that the policies would protect Armytrucks for any losses arising from the rental.  Given these facts, it is not obvious according to settled law that Armytrucks cannot state a cause of action against Abacus for negligent misrepresentation.

### B. Defendants Abacus and Wells Fargo's Motions to Dismiss

Because the Court finds that Abacus is not a sham defendant and thus that it should remand this case back to state court, the motions to dismiss are therefore moot.

## IV. CONCLUSION

For the reasons stated above, the Motion to Remand is GRANTED. Defendant Abacus' Motion to Dismiss is DENIED as MOOT.  Defendant Wells Fargo's Motion to Dismiss is similarly DENIED as MOOT.

IT IS SO ORDERED.

Dated: April 10, 2015

DEAN D. PREGERSON
United States District Judge